Filed 2/14/24  P. v. Armburst CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082174 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE408542) |
| SEAN ARMBURST, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Sean Armburst[1] appeals from a judgment following his guilty plea to discharging a laser at an occupied aircraft. His appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We informed Armburst of his right to personally file a brief, and he has not done so. Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 2021, a felony complaint was filed in Case No. CE408542 charging Armburst with discharging a laser at an occupied aircraft. (Pen. Code, § 247.5.) At his arraignment hearing on November 4, 2021, he was released on bail.

At a readiness conference on November 22, 2021, Armburst indicated he was dissatisfied with his current counsel because counsel suggested he submit to a psychiatric evaluation, and he requested the appointment of new counsel. After conducting a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, 123 (*Marsden*), the trial court determined current counsel was providing Armburst with adequate representation and declined to order the appointment of new counsel. The court further found that a doubt had arisen as to Armburst's competency, suspended proceedings, and ordered an evaluation of Armburst under Penal Code section 1368 to determine his competency.

Following the *Marsden* hearing, Armburst remained released on bail on the condition that he not possess any weapons and that he waive his

---

1    The notice of appeal and the opening brief identify appellant as "Sean Armbrust." However, the complaint and trial court minute orders refer to him as "Sean Armburst." We refer to appellant as: Sean Armburst.

Fourth Amendment right to be free of warrantless or unreasonable searches. Armburst's home was later searched pursuant to the Fourth Amendment waiver, a ghost gun was recovered, and a separate case was filed against him, Case No. CE409748. As a consequence of the search, Armburst lost custody of his son and his dogs were removed from his home.

On February 24, 2022, the trial court found Armburst competent to stand trial based on a report from a qualified medical professional. On March 14, 2022, Armburst agreed to plead guilty to the charge in Case No. CE408542 in exchange for the dismissal of Case No. CE409748, and if he remained law-abiding for one year, the charge in Case No. CE408542 would be reduced to a misdemeanor.

At his sentencing hearing on April 12, 2023, Armburst again requested the appointment of new counsel, this time based on his complaint that current counsel was refusing to challenge the imposition of the Fourth Amendment waiver as a bail condition. After conducting another *Marsden* hearing, the trial court found no basis for the appointment of new counsel. Armburst then requested to represent himself, but after a discussion with the court, he agreed to be represented by his current counsel for sentencing. In accordance with the plea agreement, the court reduced Armburst's charge in Case No. CE408542 to a misdemeanor, suspended imposition of sentence, granted one year summary probation, and deemed all fines satisfied. The court vacated all pretrial orders, including the Fourth Amendment waiver.

On May 12, 2023, Armburst filed a notice of appeal from the judgment and a request for a certificate of probable cause. On May 22, 2023, the trial court issued a certificate of probable cause.

## DISCUSSION

Armburst's appellate counsel has filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case and statement of facts, urging no grounds for reversal of the judgment, and asking this court to independently review the record for error. Pursuant to *Anders*, counsel identifies the following issue to assist the court in its search of the record for error: Was the trial court authorized to impose a Fourth Amendment waiver as a condition of Armburst's release on bail?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Armburst on this appeal.

## DISPOSITION

The judgment is affirmed.

CASTILLO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


IRION, J.

4